## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **BRIDGET A. MONROE,** | : | **Civil Action No. 21-20231 (ES) (MAH)** |
|  | : |  |
| **Plaintiff,** | : | **OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| **KENNETH W. SIECZKOWSKI,** | : |  |
|  | : |  |
| **Defendant.** | : |  |
|  | : |  |

### I.     INTRODUCTION

This matter comes before the Court on Plaintiff's Bridget A. Monroe's ("Plaintiff") motion for leave to serve the summons and complaint by alternative means upon Defendant Kenneth W. Sieczkowski ("Defendant") pursuant to Federal Rule of Civil Procedure 4(f).   Mot. for Alt. Serv., D.E. 19.  Specifically, Plaintiff requests leave to effect service on Defendant by international mail sent by the Clerk of Court.  For the reasons set forth below, Plaintiff's motion is **granted.**

### II.     BACKGROUND

On November 29, 2021, Plaintiff filed this action against Defendant, alleging violations of the New Jersey Child Sexual Abuse Act, N.J.S.A. 2A:61B-1, and the Child Victims Act, N.J.S.A. § 2A:14-2b.  Compl., D.E. 1, at ¶ 1.  Despite several attempts of service on Defendant, Plaintiff has been unsuccessful.  On January 10, 2024, Plaintiff filed her first motion for alternative service. *See generally* First Mot. for Alt. Serv., D.E. 16.  On January 11, 2024, the Court denied Plaintiff's motion without prejudice because Plaintiff failed to include a brief containing legal support for her motion, as well as factual support regarding her previous attempts at service.  *See* Ct. Order, Jan. 11, 2024, D.E. 17.  On February 5, 2024, Plaintiff filed the instant motion for alternative service,

and attached a supporting certification of her counsel, Ian M. Bryson, and accompanying exhibits which included several affidavits of service, as well as summaries of private investigations regarding Defendant's location in Thailand.  *See generally* Mot. for Alt. Serv., D.E. 19.

According to Plaintiff's counsel's certification, Plaintiff has been unable to effectuate service on Defendant despite several attempts to do so.  On December 1, 2021, a summons was issued.  D.E. 3.  On December 7, 2021, Plaintiff attempted to serve Defendant at his last known address, 22755 Red Bay Lane, Milton, Delaware, but Defendant was not there.  *See* Cert. of Ian M. Bryson, D.E. 19, at ¶¶ 10-11; Aff. Of Serv., Dec. 7, 2021, D.E. 19-1, at 1.  Plaintiff also unsuccessfully attempted to serve Defendant three times at another recent known address, specifically 507 Fulton Court, West New York, New Jersey.  *See* Cert. of Ian M. Bryson, D.E. 19, at ¶ 12; Aff. of Serv., Ex. B, Mar. 15, 2022, D.E. 19-2.  Plaintiff discovered through her own investigation that Defendant had moved to Thailand, specifically 38/172 Asoke Place Condo, Khlong Toei Nuea, Bangkok, Thailand.  *See* Cert. of Ian M. Bryson, D.E. 19, at ¶ 13; Investigation Summary, Ex. C, Mar. 29, 2022, 19-3, at 1.  On August 12, 2022, Plaintiff moved for the issuance of letters rogatory to effect service of process on Defendant.  The Court granted Plaintiff's request.  *See* Order, Sept. 27, 2022, D.E. 12.  On April 26, 2023, a Taiwanese officer attempted to serve Defendant at 38/172 Asoke Place Condo.  *See* Cert. of Ian M. Bryson, D.E. 19, at ¶ 19.  However, the attempt was unsuccessful, as according to a condominium employee, Defendant "had gone to Phuket."  Ltr. from Dep't of State, June 1, 2023, D.E. 19-4, at 4.

Additional investigation by Plaintiff in November 2023, revealed Defendant's updated address to be 8/172, Watthana, Asoke Place, Sukhumvit 21, Khlong Toei Nuea, Bangkok, Thailand.  Investigation Summary, Ex. E, Nov. 7, 2023, D.E. 19-5, at 1.  That investigation also listed Defendant's work address.  *Id.*  In January 2024, three unsuccessful attempts of service were

made on Defendant at his residence at 8/172, Watthana, Asoke Place. *See* Cert. of Ian M. Bryson, D.E. 19, at ¶¶ 21-24.   On January 23, 2024, at approximately 7:30 p.m., an officer knocked on Defendant's door.  However, no one answered.  Aff. of Serv., Ex. F, Jan. 24, 2024, D.E. 19-6, at 2.  On January 24, 2024, at approximately 8:00 a.m., the officer again attempted to serve Defendant at 8/172, Watthana, Asoke Place, but no one answered the door.  *Id.*  Later that same day, at approximately 9:00 p.m., the officer attempted to make contact with Defendant to serve the papers on him, but there was no reply.  *Id.*  Security personnel for the condominium informed the officer that although Defendant and his wife still resided in at that residence, they both had been "away a few months and they didn't know when they will return."  *Id.*  Defendant's name was found on a utilities bill in the letterbox associated with the 8/172, Watthana, Asoke Place address.  *Id.*  Before leaving the premises, the officer posted copies of the summons and Complaint on Defendant's front door.  *Id.* at 1.

## III.   DISCUSSION

Plaintiff argues that she should be permitted to serve Defendant by international mail because she has demonstrated the requisite due diligence under Rule 4.  Plaintiff claims this method of service is appropriate because "to date, Plaintiff has used all of the means available to her to find and serve Defendant" and therefore this method is the sole remaining option for her.  Mot. for Alt. Serv., D.E. 19, at 6.   Further, Plaintiff argues service by international mail is acceptable as it has previously been recognized as a sufficient and constitutionally sound manner of noticing a defendant of a pending lawsuit.  *Id.*

Federal Rule of Civil Procedure 4(f) governs service of process on defendants in foreign countries.  Under Rule 4(f)(1), an individual must be served by "an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

Convention[.]"  However, the country where Defendant is currently residing, Thailand, is not a signatory to the Hague Convention.  *See Agrana Fruit U.S., Inc. v. Ingredientrade Inc.*, No.23-10147, 2024 WL 773643, at *2 (S.D.N.Y. Feb. 26, 2024); Status Table: Hague Convention, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing contracting states to the Hague Convention).  Therefore, Rule 4(f)(1) does not apply here.

Rule 4(f)(2) identifies other methods of service that are reasonably calculated to give notice in the absence of international agreed methods.  These include:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> > (i)   delivering a copy of the summons and of the complaint to the individual personally; or
> > (ii)  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt;

Here, Plaintiff's attempts to effect service through letters rogatory have proved unsuccessful. Accordingly, this Court turns to the Rule 4(f)(3).

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).  District courts have broad discretion to permit alternative service of process where "(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [plaintiff has] made a good faith effort to locate and serve defendants by traditional means." *U.S. Secs. and Exchange Commission v. Vuuzle Media Corp.*, No. 21-1226, 2021 WL 1731947, at *1 (D.N.J. May 3, 2021) (quoting *Vanderhoef v. China Auto Logistics*, No. 18-10174, 2019 WL 6337908, at *2 (D.N.J. Nov. 26, 2019)).  Under the second prong, the

proposed method of service "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Vanderhoef*, 2019 WL 6337908, at *2 (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).  The third prong is a flexible approach, requiring the court to consider whether a plaintiff made a good faith effort to locate and attempt service via traditional methods.  *Vuuzle Media Corp.*, 2021 WL 1731947, at *2.  Although the plaintiff need not show that service through the ordinary channels would be futile, "it is helpful to plaintiff's case to show some measure of difficulty in effecting service by usual means."  *Bravetti v. Liu*, No. 12-7492, 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013).

As noted, Thailand is not a signatory to the Hague Convention, therefore there is no international agreement prohibiting service by Plaintiff's proposed method.  As such, this Court must determine (1) if service on Defendant via international mail is reasonably calculated to notice him of the claims against him; and (2) if Plaintiff demonstrated a good faith effort to serve Defendant using traditional methods of service.  *See Vuuzle Media Corp.*, 2021 WL 1731947, at *2. This Court is satisfied that Plaintiff has sufficiently met both prongs.

With respect to Plaintiff's proposed method of service, the Court finds international mail would provide Defendant with the requisite notice necessary for Defendant to be aware of Plaintiff's claims against him.  As a preliminary matter, courts have previously found that service by mail may be an appropriate method of alternative service where traditional methods have proved not possible.  *See Menon v. Corbett*, No. 21-8384, 2022 WL 3998393, at *3 (D.N.J. Sept. 1, 2022) ("[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently email." (quoting *Rio Props.*, 284 F.3d at 1016)).  Further,

Plaintiff has confirmed through her own investigation that Defendant is located at the 8/172 address.  Indeed, Defendant's utilities bill indicates that he still resides there, continues to monitor his mail and also, will have access to any mail delivered to him.  Accordingly, this Court concludes international mail on the Defendant is reasonably calculated to provide him sufficient notice.  *See Graphic Styles/Styles Int'l LLC v. Vinnie's Int'l Hong Kong Custom Tailors,* No. 17-02713, 2018 WL 558457, at \*2 (E.D. Pa. Jan. 25, 2018).

Further, Plaintiff has certainly demonstrated a good faith effort in her attempts to effectuate service by traditional means.  Indeed, Plaintiff tried to serve Defendant multiple times at prior known addresses in Delaware and New Jersey.  Further, upon Plaintiff's discovery of Defendant's relocation to Thailand, she endeavored to serve him through the issuance of letters rogatory, though she was ultimately unsuccessful.  *See Vuuzle Media Corp.*, 2021 WL 1731947, at \*2 (stating Rule 4(f) is not hierarchical but noting it may be helpful in the Court's analysis that the plaintiff demonstrate difficulty in serving the defendant by usual means under Rule 4(1) and Rule 4(2)).  Finally, Plaintiff has attempted to personally serve Defendant three times, over the course of two days.  Moreover, these attempts have been made at varying times in the morning and evening in the hopes that Defendant will be able to be reached.  Although security personnel alluded to Defendant's possible absence from his residence, the presence of his utilities bill clearly indicates to the Court that Defendant still resides at 8/172.  Therefore, the Court can only conclude either (1) Defendant will receive the mail which notices him of the pending litigation or (2) Defendant is evading service.  Neither option alters this Court's determination that Plaintiff has demonstrated a good faith effort to serve Defendant by traditional means.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to effect alternative service, D.E.

19, is **granted**.  An appropriate Order follows this Opinion.


                                        _s/ Michael A. Hammer_____
                                        **Hon. Michael A. Hammer, U.S.M.J.**

Dated:  March 28, 2024